CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 24 2006

JOHN F. CORCORAN, CLERK
BY:
 DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

LARRY E. BRADDS,  )
    Plaintiff,  )  Civil Action No. 5:05CV00044
)
v.  )  **MEMORANDUM OPINION**
)
JO ANNE B. BARNHART,  )
Commissioner of Social Security,  )  By:  Honorable Glen E. Conrad
)        United States District Judge
    Defendant.  )

    Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Commissioner's final decision is supported by substantial evidence, and if it is not, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

    The plaintiff, Larry E. Bradds, was born on September 7, 1950. Mr. Bradds completed the third grade in special education classes. He has worked as a recycling laborer and soft drink truck helper. He last worked in 2001. On August 21, 2003, Mr. Bradds filed an application for disability insurance benefits and supplemental security income benefits. Apparently, an earlier application for benefits had proven unsuccessful. In his current claim, plaintiff alleged that he became disabled for all forms of substantial gainful employment on September 7, 1950, due to illiteracy, slowness, and an alcohol

problem. Mr. Bradds now maintains that he has remained disabled to the present time. As to his application for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act through the fourth quarter of 2003, but not thereafter. See generally, 42 U.S.C. §§ 414 and 423. Consequently, Mr. Bradds is entitled to disability insurance benefits only if he has established that he became disabled for all forms of substantial gainful employment on or before December 31, 2003. See generally, 42 U.S.C. § 423.

Mr. Bradds' claims were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated April 12, 2005, the Law Judge also ruled that Mr. Bradds is not disabled. The Law Judge found that plaintiff suffers from borderline intellectual functioning, personality disorder, and history of substance addiction disorder. Despite these impairments, the Law Judge held that Mr. Bradds retains sufficient functional capacity to return to his past relevant work as a recycling laborer or truck assistant. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that he is not entitled to benefits under either federal program. See 20 C.F.R. §§ 404.1520(f) and 416.920(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Bradds has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the

2

Case 5:05-cv-00044-GEC Document 13 Filed 03/24/06 Page 2 of 9 Pageid#: 35

claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. Mr. Bradds has a history of serious alcohol addiction. However, the record indicates that he quit drinking in September 2001, and that alcohol consumption no longer affects his capacity for regular work activity. Nevertheless, plaintiff continues to suffer from borderline intellectual function, with IQ measurements in the 70s, as well as a personality disorder. More recently, he has received psychiatric treatment for a recurrent major depressive disorder. Plaintiff has been treated by a variety of mental health specialists. In 2003, he was seen by a consultative psychologist, in connection with the application for disability benefits. In 2004, a psychiatrist treated plaintiff's depressive disorder. In conjunction with the psychiatric intervention, Mr. Bradds counseled with a mental health social worker for a number of months. All of these mental health specialists produced reports indicating that plaintiff is unable to engage in regular and sustained work activity. Nevertheless, based on his own review of the clinical findings of the psychiatrist and the psychiatrist's observation that plaintiff had benefitted from the group sessions, the Law Judge concluded that Mr. Bradds retains the capacity to perform past relevant work activity. The court is simply unable to conclude that the evidence supports the Law Judge's rejection of the reports and assessments from the mental health specialists. The court concludes that Mr. Bradds has met the burden of proof in establishing total disability for all forms of substantial gainful activity.

Dr. Joseph Cianciolo, a clinical psychologist, evaluated Mr. Bradds on December 11, 2003 at the behest of the state disability agency. Dr. Cianciolo had seen Mr. Bradds in 2001, apparently in connection with plaintiff's earlier application for disability benefits. Dr. Cianciolo conducted a clinical interview. He diagnosed alcohol dependence in sustained full remission and borderline intellectual

3

functioning. Dr. Cianciolo noted a GAF of 50.[1] The psychologist offered the following overall assessment:

> Based upon the results of this evaluation, it appears that the patient is not capable of performing detailed and complex tasks. He does appear to be able to perform very simple or repetitive tasks. His ability to maintain regular attendance in the workplace, perform work activities on a consistent basis, and completing a normal workday or workweek without interruption appears to be markedly impaired. Clearly, the patient would require additional supervision. It appears that the patient would experience a great deal of difficulty accepting instruction from supervisors. Likewise, his ability to interact with coworkers and public as well as coping with routine stressors encountered in competitive work appear to be markedly impaired. The patient has a history of significantly contentious relationships. There is no indication for inpatient psychiatric treatment at the present time. Outpatient treatment would be recommended, however, the patient is quite adamant that he will not attend same. It is likely that the patient would require assistance in adequately managing his own funds. Given the severity and duration of psychiatric illness and substance abuse, prognosis for significant change would appear to be poor. (TR 136-37).

In a report dated January 13, 2004, a state agency psychologist interpreted Dr. Cianciolo's report so as to indicate moderate limitations as to specific, work-related functional components.

In early 2004, Mr. Bradds began treatment with Dr. Lillian Mezey, a psychiatrist. At the time of her first clinical interview, Dr. Mezey summarized mental status as follows:

> Mr. Bradds is a very thin bearded man with long hair. He is subdued and quite quiet and mumbling at times and difficult to understand. Eye contact is poor. He is well groomed but dentition is quite poor. He has long but clean fingernails. He is alert and oriented to all spheres except that he names the date of 5/31/04. His answers are short and thought processes are quite concrete but organized. He relies on his sister to give much of the history. His affect is depressed and his movements and speech are slow. No delusions are evident. Intellectual capacity seems low. He seems to have difficulty understanding some of my questions. Again he denies any current specific suicidal intention or plan. (TR 168).

---

[1] The global assessment of functioning, or GAF, is used to report the clinician's judgment of the subject's overall level of functioning. A score of between 41 and 50 is indicative of serious symptoms or any serious impairment in social, occupational, or school functioning. American Psychiatric Association: *Diagnostic and Statistical Manual of Mental Disorders*, Fourth Edition, Text Revision. Washington, DC, American Psychiatric Association, 2000. P. 44-48.

4

Dr. Mezey diagnosed moderate, recurrent major depression, alcohol dependence in remission, and signs of possible psychosis or dementia. The psychiatrist offered the following assessment:

> This is a 53-year old single white male with a long history of heavy daily alcoholism. He has been sober now for about two and a half years. He gives a history of hearing "voices" on and off "nearly all my life." He has had multiple head injuries related to alcoholic fights and was in special education as a child. His current cognitive capacity is clearly limited, possibly related to MR or factors also related to heavy drinking for many years and head injuries. He has a history of functioning marginally, having worked a few jobs. He has a history of depression including at least two episodes of suicidal attempt during his lifetime, including at the age of 17.
> Family history is significant for substance abuse and depression. His sister reports their family of origin as "dysfunctional." Mr. Bradds has had several traumatic losses including his father at the age of 9 and a girl friend four years ago, both in accidents. Medically he seems currently basically fairly healthy and has a primary care physician, Barry Munsey.
>
> Currently, he and his sister give a story consistent with depressive symptoms including depressed mood suicidal thoughts, social isolation, slowing down mentally, decreased appetite, thoughts of death and death related nightmares. From previous treatment notes it seems he is carrying around guilt related to his father's accident when he was 9. (TR 168-69).

Dr. Mezey arranged for plaintiff to begin therapy sessions.

Mr. Bradds continued with individual and group counseling through the date of the Administrative Law Judge's decision. For the most part, the notes from the counseling sessions give little insight into plaintiff's functional capacity, though it does appear that Mr. Bradds was stable and that he made progress in dealing with his depressive symptoms.

Plaintiff continued under the care of Dr. Mezey. He eventually discontinued the psychiatric medications prescribed for treatment of his depression, though Mr. Mezey noted that plaintiff responded well to the counseling. In a follow up report dated July 28, 2004, Dr. Mezey related as follows:

> **OBJECTIVE:** He is well groomed; he is early for his appointment, alert, and with good eye contact. Thoughts are organized but answers are short and somewhat vague. He does consistently deny any current suicidal or homicidal intention or plan. His affect is a bit brighter today and he is more forthcoming. Speech is somewhat

louder, eye contact is better, and he is more communicative. No irritability is evident today during the session.

**ASSESSMENT:** Mr. Bradds does not wish to continue with any psychiatric medication at the current time. He has a disinhibiting effect with Prozac and was unable to tolerate short trials at low doses of Risperdal and Seroquel. He seems to be improving however with therapy. (TR 160)

The Administrative Law Judge relied heavily on the clinical findings from this report in concluding that Mr. Bradds had made substantial progress as a result of the counseling sessions.[2]

On March 10, 2005, Raymond Patterson, the licensed clinical social worker who had been leading plaintiff's group counseling sessions, completed a medical statement of plaintiff's mental ability for work-related activities. Mr. Patterson indicated that Mr. Bradds could satisfactorily remember locations in work like procedures, understand and remember short instructions, and carry out simple instructions at least some of the time. However, the social worker related that plaintiff possesses no useful ability to maintain attention and concentration, perform activities within a schedule, complete activities without special supervision, work near or around others, complete a normal work day or work week, or perform at a consistent pace. Mr. Patterson attributed these deficiencies to clinical depression and borderline intellectual functioning. The social worker noted that Mr. Bradds possesses "extremely poor social skills" and "has significant impairments in functioning in a group." (TR 158). The social worker reported that plaintiff has no useful ability to interact with the public, accept or respond to instruction from a supervisor, get along with co-workers and peers, maintain socially appropriate behavior, respond to changes in the work setting, or deal with normal hazards. The social worker related that Mr. Bradds is minimally able to live independently, and that he needs an assisted structure.

---

[2] In passing, the court notes that the Law Judge's reasoning in this regard tends to support the existence of a closed period of disability.

Case 5:05-cv-00044-GEC   Document 13   Filed 03/24/06   Page 6 of 9   Pageid#: 39

(TR 159). At the administrative hearing in this case, a vocational expert indicated that, considering the limitations identified by Mr. Patterson, Mr. Bradds would be unable to perform any job in the national economy. (TR 249-50).

Given the medical evidence in this case, the court can only conclude that the Law Judge's finding of residual functional capacity for past relevant work is not supported by substantial evidence. In essence, the Law Judge relied on Dr. Mezey's most recent clinical findings and her observation that plaintiff had benefitted from group counseling, in concluding that Mr. Bradds retains sufficient functional capacity to perform past relevant work. However, Mr. Patterson, the licensed clinical social worker who led many of plaintiff's counseling sessions, produced findings which indicate that Mr. Bradds is unable to deal with a normal work setting, and that he is only minimally able to live independently. Moreover, despite her belief that plaintiff experienced some improvement as a result of the counseling, Dr. Mezey continued to treat Mr. Bradds for depressive symptomatology with suicidal tendencies. Perhaps even more importantly, Dr. Cianciolo, the psychologist who saw Mr. Bradds at the behest of the state disability agency, clearly concluded that plaintiff's ability to perform work activities on a consistent basis is markedly impaired. In short, the medical source which evaluated plaintiff for purposes of his disability application and the treating source for plaintiff's depression have both produced assessments of plaintiff's functional capacity which suggest total disability for all forms of sustained work activity.

It is well settled that, in evaluating opinion evidence, more weight should be given to treating sources, such as Dr. Mezey, and the counselors who saw Mr. Bradds upon referral from the psychiatrist. See 20 C.F.R. §§ 404.1527(d) and 416.927(d). Moreover, in this particular case, the assessment of the treating source was supported by the consultative psychologist who saw Mr. Bradds at the behest of the

7

Case 5:05-cv-00044-GEC   Document 13   Filed 03/24/06   Page 7 of 9   Pageid#: 40

state disability agency. If the Administrative Law Judge had reason to believe that the reports of Dr. Cianciolo, Dr. Mezey, and Mr. Patterson did not accurately reflect upon plaintiff's residual functional capacity, the Law Judge had full authority to require Mr. Bradds to submit to a consultative examination by another psychologist or psychiatrist. See 20 C.F.R. §§ 404.1519 and 416.919. The Law Judge also had authority to arrange for input from a medical expert or advisor at the administrative hearing to assist in the assessment of the existing medical record. See 20 C.F.R. §§ 404.1527(f)(2)(iii) and 416.927(f)(2)(iii). However, as it is, the only assessments of plaintiff's work-related capacity by mental health specialists who actually saw Mr. Bradds were those submitted by Dr. Cianciolo and Mr. Patterson.[3] As previously noted, both mental health specialists determined that Mr. Bradds' condition is so severe as to prevent sustained work activity.

While the court is somewhat concerned that the medical record in this case is not well developed, the court must conclude that the undisputed evidence from the medical sources who actually saw Mr. Bradds establish that plaintiff is unable to engage in any regular work activity. The court concludes that plaintiff has met the burden of proof in establishing total disability for all forms of substantial gainful employment. The court finds that Mr. Bradds has met the burden in establishing that he became disabled for all forms of work as of December 11, 2003.

The court notes that Dr. Mezey's report indicates that Mr. Bradds has chosen not to take the psychiatric medications prescribed for his condition. While there is no indication that use of these medications could be expected to restore plaintiff's capacity for substantial gainful activity, the court's

---

[3] As previously noted, a state agency psychologist reviewed Dr. Cianciolo's report and concluded that Mr. Bradds experiences only moderate impairment in terms of specific, work-related emotional components. The state agency psychologist did not actually see or examine the plaintiff. Moreover, the court notes that this report was completed before Mr. Bradds began treatment with Dr. Mezey, Mr. Patterson, and the other mental health specialists from Valley Community Services. In any event, the Administrative Law Judge did not rely on the nonexamining state agency psychologist report in denying plaintiff's claim.

8

opinion should not be interpreted so as to foreclose further consideration of this question. Mr. Bradds cannot expect to receive disability benefits on the basis of a condition for which he refuses reasonable medical treatment. See 20 C.F.R. §§ 404.1530 and 416.930.

For the reasons as stated, the court is constrained to conclude that the Commissioner's final decision is not supported by substantial evidence. Defendant's motion for summary judgment must therefore be denied. Upon the finding that plaintiff has met the burden of proof as prescribed by and pursuant to the Act for entitlement to disability insurance benefits, judgment will be entered in favor of plaintiff. The final decision of the Commissioner will be reversed and the case remanded for the establishment of proper benefits. The Commissioner's final decision denying supplemental security income benefits will also be reversed to the extent that the denial was based on the finding that plaintiff is not disabled. However, since the Commissioner has apparently not considered whether plaintiff meets the financial eligibility requirements under that benefit program, the court must remand the case for an appropriate determination. An order and judgment in conformity will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER: This _24th_ day of March, 2006.

_____
United States District Judge